# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LANCE REBERGER,

   *Plaintiff*,

vs.

ALL ESP CULINARY PERSONNEL, *et al.*

   *Defendants*.

3:13-cv-00590-RCJ-VPC

ORDER

This prisoner civil rights action comes before the Court on four motions (## 3, 5, 6 & 7) by plaintiff seeking leave to amend or supplement the complaint and his motion (#4) for an increase in his prison copy credit limit. Action is deferred on plaintiff's pauper application (#1) at this time following upon plaintiff's nonconclusory allegation of danger pursuant to 28 U.S.C. § 1915(g).

### *Motions to Amend or Supplement*

Plaintiff's motions seeking to amend or supplement the complaint will be denied without prejudice.

As the Ninth Circuit has explained, a pleading that says too much can violate federal pleading rules just as can a pleading that says too little:

> . . . . Rule 8 requires that a pleading "must contain" a "short and plain statement" of the grounds for jurisdiction and the claim, as well as a demand for relief sought. Fed.R.Civ.P. 8(a). Violations of this Rule warrant dismissal, but there are multiple ways that it can be violated. One well-known type of violation is when a pleading says too little — the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Rule is also violated,

> though, when a pleading says too much. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

*Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

The Court is confident that plaintiff does not need 24 pages of factual allegations to allege clearly with sufficient specificity claims based on allegations that: (a) prison culinary personnel have continued to feed him eggs, milk, lunch meat and/or a "2600 diet" allegedly in violation of medical orders and in allegedly deliberate disregard of an alleged serious risk to his health and safety due to his HIV positive status, the associated medication regimen, a food allergy, and high cholesterol; (b) culinary personnel allegedly is doing so also in retaliation for his filing grievances on dietary issues; (c) culinary personnel allegedly also poisoned his food in retaliation for his filing grievances; and (d) culinary personnel gave him the wrong food and/or not all of his required food in retaliation for his filing grievances.

Plaintiff need not include, for example, extensive dissertations regarding the specifics of health risks from sundry conditions such as nephropathy and atherosclerosis. See, e.g., #7-1, at 4B-4C and 4H-4J (electronic docketing pages 7-8 & 13-15).

Nor need plaintiff chronicle the particularized procedural history of every kite and/or administrative grievance that he sent or filed regarding the issues. See, e.g., #7-1, at 4D-4G, 4K, 4M-4N, 4Q, 4S & 4T-4W (electronic docketing pages 9-12, 16, 19-20, 22, 24 & 25-28).

Nor need plaintiff provide an extensive literally to-the-minute account of particular incidents in which he allegedly sustained adverse reactions from food provided by culinary personnel, including, *inter alia*, graphic descriptions of his alleged vomit and other symptoms. See, e.g., #7-1, at 4A-4B & 4L (electronic docketing pages 6-7 &17).

Nor does plaintiff need to extensively list and outline specific breakfast, lunch, and dinner trays that allegedly were not prepared properly. See, e.g., #7-1, at 4Q-4R (electronic docketing pages 22-23).

The Court is abundantly confident that plaintiff can allege all of the claims in the tendered pleadings with sufficient specificity and clarity in no more than 8 pages of operative factual allegations total. He will be allowed to file a pleading with no more than that.

The motions seeking leave to file the unnecessarily prolix pleadings proposed therefore will be denied and the prolix original complaint will be dismissed without prejudice. The Court will allow plaintiff a thirty-day period to tender an amended pleading that is not prolix.

### *Motion to Increase Copy Credit Limit*

Plaintiff seeks a $10.00 increase in his copy credit limit "*if* this court requires him to attach all documents mentioned in his 1983 complaint in order to get all documents copied from [the] law library." #4, at 1-2 (emphasis in original). Plaintiff refers to an alleged requirement under Local Rule LR 15-1(a) to attach a copy of "any documents to [his] 1983 amended complaint." *Id.*, at 1.

There is no requirement that plaintiff attach copies of the documents referenced in his overly prolix pleadings, including all the kites and grievances that he sent or filed. The instructions for the required civil rights complaint form instead state quite clearly:

> Exhibits should not be submitted with the complaint. Instead, the relevant information contained in an exhibit should be paraphrased in the complaint, and you should keep the exhibit to use to support or oppose a motion for summary judgment or a motion to dismiss.

*§ 1983 Complaint Form Instructions,* at 2, ¶ 7.

The reference in Local Rule LR 15-1(a) contemplates situations such as an action on a promissory note, where the creditor references the note and attaches it as an exhibit. The rule does not require – much less allow – parties to file copies of each and every document referred in or related to a complaint with the pleading.

Plaintiff shall ***not*** file copies of the documents referred to in his prolix pleadings along with any pleading filed herein.

Plaintiff thus has no need for an increase in his copy credit limit.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the original complaint (#1-1) and that the complaint is DISMISSED without prejudice due to plaintiff's failure to

1 provide a short and plain statement of his claims as required by Rule 8(a)(2) of the Federal
2 Rules of Civil Procedure.

3       IT FURTHER IS ORDERED that (a) all pending motions (## 3, 5, 6 & 7) seeking leave
4 to amend or supplement the complaint are DENIED without prejudice; and (b) plaintiff shall
5 have **thirty (30) days** within which to file an amended complaint that is not overly prolix and
6 that includes no more than eight (8) pages of factual allegations in total in the entire pleading,
7 including in the "Nature of the Case" section and all other sections or portions of the pleading.

8       IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall
9 clearly title the amended complaint as an amended complaint by placing the word
10 "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall
11 place the docket number, **3:13-cv-00590-RCJ-VPC**, above the word "AMENDED" in the
12 space for "Case No."  Under Local Rule LR 15-1, any amended complaint filed must be
13 complete in itself without reference to prior filings. Thus, any – material – allegations, parties,
14 or requests for relief from prior papers that are not carried forward in the amended complaint
15 no longer will be before the court.

16       IT FURTHER IS ORDERED that action on the pauper application (#1) is deferred at
17 this time.

18       IT FURTHER IS ORDERED that plaintiff's motion (#4) to raise his copy credit limit is
19 DENIED.

20       If an amended complaint is filed in response to this order, the Court will screen the
21 amended pleading before ordering any further action in this case.

22       If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final
23 judgment dismissing this action will be entered without further advance notice.  If the
24 amended complaint does not correct the deficiencies identified in this order or otherwise does
25 not state a claim upon which relief may be granted, a final judgment dismissing this action will
26 be entered. If plaintiff uses smaller handwriting than in prior pleadings, lesser margins, and/or
27 any other means, devices or stratagems to avoid the page limitation imposed herein, the
28 action will be dismissed without further advance notice.

In the event of any final dismissal on any of the foregoing bases, the pauper application will be acted on in connection with the judgment.

DATED: April 28, 2014

_____
ROBERT C. JONES
United States District Judge